## JOHN O. HEWETT, C. H. CUTLER, & M. J. MORRISON *v.* E. L. HATCH.

*Replevin.   Rutland Cornet Band.   Voluntary Organization.*
*Tenants in Common.*

The parties to the suit had been members of a band, formed by voluntary association, which divided into two factions. Each organized a new band, and acted under new by-laws, the plaintiffs retaining the name of the old band, and defendant's faction assuming a new name. *Held,* that the old organization was abandoned, and that the plaintiffs had no authority to act as its trustees; that they could not maintain replevin against the defendants to recover the common property, as the parties are tenants in common.

REPLEVIN for a quantity of sheet music. Plea, not guilty. Trial by jury, September Term, VEAZEY, J., presiding. Verdict ordered for the defendant.

The exception stated: "The plaintiffs, as trustees, had the authority given them by the constitution and by-laws; and the defendant was the leader and musical director of the band, with the rights and authority given him under said constitution and by-laws."

*Redington & Butler,* for the plaintiffs.

Replevin will lie where trespass or trover will. *Briggs* v. *Gleason,* 29 Vt. 78; *Estey* v. *Lane,* 32 Vt. 744. *See* also *Sprague* v. *Clark,* 41 Vt. 6 ; *Cox* v. *Fay,* 54 Vt. 446. A bailor or bailee may replevy. *Wilder* v. *Stafford,* 30 Vt. 399. Defendant can prevail only when his right is superior to that of the plaintiff. *Sprague* v. *Clark, supra.* The defendant's right certainly is not *superior.* The fact of partnership is not a defence.

An action at law may be sustained by one co-partner

against another to recover damages for a breach of the articles, or terms of the contract; and may sue on an express and perhaps implied agreement to do any act not involving the partnership accounts. *Terry* v. *Carter,* 25 Miss. 168; 1 Par. Cont. 164. As to the powers of a managing committee of a society, see *Flemguy* v. *Hector,* 2 M. & W. 172; *Reynell* v. *Lewis,* 15 M. & W. 517; *Potter* v. *Yale College,* 8 Conn. 52; *Radenhurst* v. *Bates,* 3 Bing. 463; 1 Chit. Pl. 11; *Davies* v. *Hawkins,* 3 M. & S. 488; *Warren* v. *Stearns,* 19 Pick. 80. The trustees constitute in law but one person, and must join in bringing the action. *Brin* v. *Wemple,* 1 Wend. 470. The suit was properly brought in the name of the trustees. *Oatman* v. *Barney,* 46 Vt. 599; 1 Par. Cont. 120; 7 Ired. 118.

*J. C. Baker* and *C. L. Howe,* for the defendant.

The relation of these parties was that of partners. *Townsend* v. *Goeway,* 19 Wend. 423; *Wells* v. *Gates,* 18 Barb. 554; *Dennis* v. *Kennedy,* 19 Barb. 517.

This music was never the property of the plaintiffs, except as they were members of the band. The plaintiffs had an official relation, which they claim entitled them to the property as agents merely of the band. An agent cannot sustain an action in his own name to recover the property of his principal or its value. *Whitesides* v. *Collier,* 7 Dana, 283.

One partner's possession of the common property is just as much the possession of the partnership as another's; and a partner cannot maintain replevin against his co-partner for any part of the partnership property.

Replevin does not lie in favor of one joint owner, or tenant in common, for property belonging to them, against the other, for property of which he holds exclusive possession, as here. Wells Rep. 152; 12 Wend. 131; *Prentice* v. *Ladd,* 12 Conn. 331; *Hardy* v. *Sprowle,* 32 Me. 322; *Russell* v. *Allen,* 13 N. Y. 173; *Barnes* v. *Bartlett,* 15 Pick. 71.

2

Hewett v. Hatch.

The opinion of the court was delivered by

ROWELL, J. The old Rutland Cornet Band was an organization by voluntary association; and when in October, 1882, it divided into two factions, one faction, to which the defendant belonged, with outside parties, forming a new organization under the name of Hatch's Military Band, and the other faction, to which the plaintiffs belonged, with other outside parties, forming another organization under the old name of The Rutland Cornet Band, both of the new organizations adopting new constitutions and by-laws, and neither of them any longer acting under the constitution and by-laws of the old band,— that organization was thereby abandoned and disorganized, and thenceforth ceased to exist; and whatever authority these plaintiffs had as trustees thereof, ceased with it, as it could not continue beyond the life of the body that conferred it. It is like the death of a natural person, which revokes all authority given to his agent that is not coupled with an interest. The same is true of the death or dissolution of a corporation. Angell & Ames Corp. § 289. And the reason is, that there is no master to serve.

Nor did the new cornet band succeed to the property of the old band, any more than a new partnership, composed partly of some of the members of an old partnership and partly of new members, would succeed to the property of the old firm. No right of succession exists in such cases, and cannot from the very nature of the thing; and in this case less than a majority of the old band are members of the new cornet band.

Hence it follows, that at the time of the commencement of this suit, the plaintiffs, who had never had manual possession of the property in question, had no greater right in the common property than their former associates had, but all were tenants in common thereof, and one tenant in common cannot maintain replevin against his co-tenant for the

possession of the common property, because one has as much right to its possession as the other, unless there be some agreement to the contrary.

Judgment affirmed.